IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERARD HORRIDGE and § | | |
| JUDITH HORRIDGE § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:06CV1226-HSO-JMR |
| § | | |
| KEYSTONE LINES, ET AL. § | | DEFENDANTS |

**ORDER AND REASONS GRANTING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion of Plaintiffs Gerard and Judith Horridge filed on June 30, 2008, for Partial Summary Judgment [47-1], pursuant to Federal Rule of Civil Procedure 56, seeking a determination that Defendant Richard Williams ["Williams"] is a statutory employee of Defendant Keystone Lines, and that therefore, Defendant Keystone Lines is vicariously liable for the alleged negligence of Williams.  Defendants Williams, Keystone Lines, and Keystone Logistics [collectively, "Defendants"] have filed a Response [50-1], and Plaintiffs have filed a Reply [51-1].  After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion for Partial Summary Judgment should be granted.

I. FACTS AND PROCEDURAL HISTORY

On January 11, 2005, Plaintiffs and Defendant Williams were involved in an automobile accident near the Welcome Center entrance on Highway 607 in Bay St. Louis, Mississippi.  *See* Accident Report, at p. 1, attached as Ex. "A" to Pls.' Mot. for

Partial Summ. J.; Am. Compl., at ¶ 8.  Mr. Gerard Horridge was driving a 2002 Chevrolet Trailblazer, and his wife, Mrs. Judith Horridge, was a passenger.  *See id.* at pp. 3-4.  Defendant Williams was driving a 1995 Freightliner truck.  *See id.* at pp. 5-6.

Plaintiffs filed their Complaint [1-1] on December 5, 2006, against Defendants Williams and Keystone Lines, seeking damages for Williams' alleged negligence in purportedly causing the accident in question.  Plaintiffs asserted that "Williams, at all times herein complained of, was the agent, servant and employee of Keystone Liens [sic], Inc., and acting within the course and scope of his employment and in furtherance of the business of the corporate Defendant, Keystone Liens [sic], Inc."  Compl., at ¶ 7.

Plaintiffs filed an Amended Complaint [12-1] on May 16, 2007, adding Keystone Logistics, Sunbelt Foods, and John Does 1-10 as Defendants.  Plaintiffs seek to hold the three corporate Defendants, Keystone Lines, Keystone Logistics, and Sunbelt Foods, liable for the negligence of their alleged "agent, servant and employee" Williams, whom they maintain was "acting within the course and scope of his employment and in the furtherance of the business of the corporate Defendants" when the accident in question occurred.  Am. Compl., at ¶¶ 9-10.  Defendant Sunbelt Foods has apparently never been served with process.

Plaintiffs now request partial summary judgment in the form of a declaration that Defendant Williams was a statutory employee of Keystone Lines at the time of

the accident, and that Keystone Lines is therefore vicariously liable for damage resulting from Williams' alleged negligence.

## II. DISCUSSION

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v.*

*Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.      Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment on the issue of whether Defendant Williams is a statutory employee of Keystone Lines pursuant to the Federal Motor Carrier Safety Regulations ["FMCSR"], 49 C.F.R. §§ 376.11 - 376.12, and Fifth Circuit case law. *See* Mot. for Partial Summ. J., at p. 1.

      1.      Timeliness of Motion and Response

Defendants contend that Plaintiffs' Motion is untimely and that it should be denied for this reason alone. *See* Resp., at p. 3. Plaintiffs counter that Defendants' Response was also untimely. *See* Reply, at p. 7. Pursuant to Chief Magistrate Judge John M. Roper's Text Order dated May 20, 2008, the dispositive motion

deadline in this case was extended to June 30, 2008.  Plaintiffs filed their Motion [47-1] on that date, but their Memorandum Brief [48-1] in support of their Motion was not filed until the next day, July 1, 2008.  The Court finds that Plaintiffs' Motion was timely filed.

Pursuant to Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, Defendants' Response was due ten days after service of movant's memorandum.  Because Plaintiffs' Memorandum Brief was served electronically, Defendants' Response was due on or before July 21, 2008, pursuant to Local Rules 7.2(D) and (I) and Federal Rule of Civil Procedure 6(a).  Defendants therefore timely filed their Response on July 15, 2008.

### 2.   Status of Defendant Williams as a Statutory Employee

The Fifth Circuit has held that

> if there is an existing lease between an ICC-authorized carrier and an owner of leased equipment and the equipment bears the carrier's ICC placard, then the driver of the equipment will be deemed to be the carrier's statutory employee.  Consequently, the carrier will be held vicariously liable for injuries resulting from the use of the leased equipment.

*Jackson v. O'Shields*, 101 F.3d 1083, 1086 (5th Cir. 1996) (*citing Simmons v. King*, 478 F.2d 857, 867 (5th Cir. 1973); *Price v. Westmoreland*, 727 F.2d 494, 497 (5th Cir. 1984)).

There is no dispute in this case that Keystone Lines is an Interstate Commerce Commission ["ICC"]-authorized carrier and that the truck that Defendant Williams was driving at the time of the accident bore Keystone Lines'

logo and ICC placard.  *See* Defs.' Resp., at p. 2; Dep. of Defendant Richard Williams, at p. 67, attached as Ex. "B" to Pls.' Mot. for Partial Summ. J.  The only remaining inquiry is whether there was an existing lease at the time of the accident between Keystone Lines and the owner of the truck.

49 C.F.R. § 376.11 provides that an authorized carrier may perform authorized transportation in equipment it does not own only if there is "a written lease granting the use of the equipment and meeting the requirements contained in § 376.12," *inter alia*.  49 C.F.R. § 376.11.  Section 376.12 requires, among other things, that the lease must: (1) be made between the owner of the equipment and the authorized carrier; (2) specify the duration; (3) confer exclusive possession, control, and use of the equipment to the authorized carrier; (4) detail the compensation the authorized carrier will pay for equipment and driver's services; (5) specify responsibilities of parties to the lease; (6) specify the payment period; and (7) specify legal obligations and responsibilities regarding insurance.  *See* 49 C.F.R. § 376.12.  This section also requires either a copy of the lease, or a statement provided in section 376.11(c)(2), be placed on the equipment during the period of the lease.  *See* 49 C.F.R. § 376.12(l).

Plaintiffs have presented evidence that there was in existence a lease between Keystone Lines, an authorized carrier, and Christopher White, the owner of the truck.  *See, e.g.*, Dep. of Def. Richard Williams, at pp. 11, 21-22, 24, 38-41, 44-45, 48-49, 60-64, 67-70, attached as Ex. "B" to Pls.' Mot. for Partial Summ. J.  The

parties have not provided the Court a copy of this lease, as Defendants indicate in the record that any copy maintained by Keystone Lines was likely lost in Hurricane Katrina.  Defendant Williams testified that the lease agreement was contained in the paperwork that was in the truck, and his testimony about the actual relationship between and responsibilities of Defendant Keystone Lines and Mr. White comports with the requirements of 49 C.F.R. § 376.12.  *See id.*

The Court is of the opinion that Plaintiffs have met their initial burden of demonstrating that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The burden then shifts to Defendants.  When opposing summary judgment, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The Fifth Circuit has explained that "[t]his burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Id.* (*quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 871-73 (1990), *Hooper v. Frank,* 16 F.3d 92 (5th Cir. 1994)*, and Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994)).

Having reviewed the parties' submissions, the Court is of the opinion that Defendants have not adduced sufficient evidence in support of their Response to meet their burden.  Defendants rely on conclusory allegations, case law from other

state jurisdictions, and Mississippi common law regarding independent contractors. *See* Defs.' Resp. to Mot., at pp. 5-7.  The Fifth Circuit has held that the ICC regulations "preempt state law in tort actions in which a member of the public is injured by the negligence of a motor carrier's employee while operating an interstate carrier vehicle...."  *See Price v. Westmoreland*, 727 F.2d 494, 496 (5th Cir. 1984) (*citing Simmons v. King*, 478 F.2d 857, 860 and 866 (5th Cir. 1973)).  The cases cited by Defendants are therefore not controlling.  Defendants have also not offered sufficient competent summary evidence to create any genuine dispute of material fact as to the existence of the lease or its terms as related by Defendant Williams.

Because Defendants have not met their evidentiary burden in this case, the Court is of the opinion that partial summary judgment in favor of Plaintiffs as to Defendant Williams' status as a statutory employee of Defendant Keystone Lines is appropriate.

III.  CONCLUSION

For the reasons stated more fully herein, based on the record of this particular case, Defendants have not presented sufficient evidence to create a genuine issue of material fact for resolution at trial regarding Defendant Williams' status as a statutory employee of Defendant Keystone Lines.  Viewing the evidence in the light most favorable to Defendants, the Court finds that they have not rebutted Plaintiffs' showing that Defendant Williams was a statutory employee of Defendant Keystone Lines at the time of the accident in question.  Plaintiffs' Motion

should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Plaintiffs for Partial Summary Judgment [47-1], filed on June 30, 2008, should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE