## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GERARD HORRIDGE and** | § | |
| **JUDITH HORRIDGE** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil No. 1:06CV1226-HSO-JMR |
| | § | |
| **KEYSTONE LINES, ET AL.** | § | **DEFENDANTS** |

## ORDER

This matter is before the Court *sua sponte* on the issue of this Court's subject matter jurisdiction over this case. Defendants raised this issue, which the Court will now address.

Plaintiff Gerard Horridge filed his Complaint [1-1] in this Court on December 5, 2006, asserting claims against Defendants Keystone Lines, Inc., and Richard Williams. Plaintiff alleged that he was an adult resident citizen of Jefferson Parish, Louisiana; that Defendant Keystone Lines, Inc., was a corporation organized in a state other than Mississippi with its principal place of business in Indiana; and that Defendant Richard Williams was an adult resident citizen of Mississippi. Plaintiffs asserted that the basis of the Court's jurisdiction was diversity of citizenship, pursuant to 28 U.S.C. § 1332, since complete diversity existed among the parties and the amount in controversy exceeded $75,000.00.

Plaintiffs Gerard and Judith Horridge filed an Amended Complaint [15-1] on June 7, 2007. Plaintiffs asserted that they were adult resident citizens of Jefferson Parish, Louisiana; that Defendant Keystone Lines, Inc., was a corporation

organized in a state other than Mississippi with its principal place of business in Indiana; that Defendant Keystone Logistics was a corporation organized in a state other than Mississippi with its principal place of business in Indiana; that Defendant Sunbelt Foods was a corporation organized in a state other than Mississippi with its principal place of business in Florida; and that Defendant Richard Williams was an adult resident citizen of Mississippi.  Plaintiffs again stated that the basis of the Court's jurisdiction was diversity, pursuant to 28 U.S.C. § 1332, since complete diversity existed among the parties and the amount in controversy exceeded $75,000.00.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (*quoting* 28 U.S.C. § 1332(a)(1)).  The United States Supreme Court has "read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."  *Id.* (internal citations omitted).

The parties do not dispute that there is complete diversity between the parties.  None of Plaintiffs are from the same state as any of Defendants.  Rather, Defendants have raised the issue that one of Defendants, Richard Williams, is a resident of Mississippi.  Because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, this Court has subject matter

jurisdiction to hear this case pursuant to 28 U.S.C. § 1332.  *See, i.e., Moores v. Greenberg*, 834 F.2d 1105, 1106 n.1 (1st Cir. 1987) (noting that removal of case to United States District Court for the District of Massachusetts by a resident defendant was improper pursuant to 28 U.S.C. § 1441(b), but that district court would have had diversity jurisdiction over an original complaint pursuant to 28 U.S.C. § 1332(a) despite the fact that the defendant was a Massachusetts resident).

**SO ORDERED AND ADJUDGED**, this the 1st day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE