IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERARD HORRIDGE and § | | |
| JUDITH HORRIDGE § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:06CV1226-HSO-JMR |
| § | | |
| KEYSTONE LINES, ET AL. § | | DEFENDANTS |

**ORDER AND REASONS GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION *IN LIMINE*** 

BEFORE THE COURT is the Motion *in Limine* [63-1] of Defendants Keystone Lines, Inc., and Richard Williams filed on September 12, 2008, to preclude Plaintiffs Gerard and Judith Horridge from presenting testimony, argument, and documentary evidence or comment regarding several matters in the jury's presence at the trial of this matter.  Plaintiffs have filed a Response [67-1].  After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion *in Limine* should be granted in part and denied in part.

I. DISCUSSION

A.   Other Accidents and Traffic Citations of Defendant Williams

Defendants seek to exclude any testimony or evidence regarding prior or subsequent motor vehicle accidents or traffic citations involving Defendant Williams.  *See* Defs.' Mot., at p. 1.  Defendants contend that such evidence is irrelevant and highly prejudicial, and therefore not admissible.  *See id.*  They further assert that this evidence is not admissible to prove conduct under Federal

Rule of Evidence 404.  *See id.*

Plaintiffs counter that Defendant Williams' driving history is both relevant and highly probative and is thus admissible under Rule 401, and its probative value is not outweighed by any potential of unfair prejudice pursuant to Rule 403.  *See* Pls.' Resp., at p. 1.  Plaintiffs contend that this evidence supports the fact that Keystone was negligent in hiring Mr. Williams.  *See id.*

The Court finds that evidence and testimony of Defendant Williams' prior or subsequent accidents or traffic citations should be excluded because it is irrelevant to the determination of his negligence on the occasion in question.  *See* Fed. R. Evid. 401, 402.  As for Plaintiffs' argument regarding negligent hiring, the Court notes that Plaintiffs' allegations in their Amended Complaint are not premised on any claim of negligent hiring.  *See* Am. Compl. [15-1].  Rather, Plaintiffs seek to hold Defendant Keystone Lines vicariously liable as an interstate carrier pursuant to the Federal Motor Carrier Safety Regulations ["FMCSR"] for Defendant Williams' purported negligence.

The Court is also of the opinion that such evidence would likely mislead and confuse a jury, and could improperly suggest that what happened on previous occasions necessarily happened during the accident in question.  Even if relevant to any issue in this case, the Court is of the opinion that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, making it inadmissible on this basis as well.  *See*

Fed. R. Evid. 403.  This portion of Defendants' Motion *in Limine* will be granted.  Plaintiffs are prohibited from introducing, mentioning, submitting evidence, or eliciting testimony regarding Defendant Williams' prior or subsequent accidents or traffic citations.

B.   <u>Future Medical Treatment</u>

Defendants contend that Plaintiffs have offered no evidence in answers to discovery or in expert designations indicating any need for future medical treatment.  *See* Defs.' Mot., at p. 1.  Therefore, testimony concerning any alleged future medical treatment or expenses would exceed the scope of the discovery in this case and would greatly prejudice Defendants.  *See id.* at pp. 1-2.

Plaintiffs argue that Plaintiff Gerard Horridge and Plaintiffs' designated expert, Dr. Kenneth Vogel, provided deposition testimony as to future medical treatment.  *See id.* (*citing* Dep. of Gerard Horridge, attached as Ex. "A" to Pls.' Resp.; Dep. of Dr. Kenneth Vogel, attached as Ex. "B" to Pls.' Resp.).  Plaintiffs concede that there is "uncertainty of whether Mr. Horridge will seek future medical treatment . . .," and that "the extent or amount of damages as to future medical is uncertain . . . ." *Id.* at pp. 2-3.  Plaintiffs argue that the right to recover damages is not precluded by the uncertainty regarding the exact amount of damages, and that "a jury may infer from the evidence the Plaintiffs [Gerard Horridge] may return for follow up medical treatment for his continued pain or fill the prescribed pain medications." *Id.* at p. 3.

Defendants do not disclose which Plaintiff they contend has offered no

evidence in discovery regarding the need for any future medical treatment. However, based on Plaintiffs' Response, it is presumably Mrs. Judith Horridge. In any event, to the extent that information was not disclosed in discovery as required by Federal Rules of Civil Procedure 26 and 37(c), it will not be admissible at trial. Also, any testimony by Plaintiffs regarding future medical treatment and damages that is entirely speculative is not admissible at trial because any probative value of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. Plaintiffs will be prohibited from introducing, mentioning, submitting evidence, or eliciting testimony that was not disclosed in discovery, and from offering testimony or evidence that is purely speculative regarding the possibility and extent of any future medical treatment or expenses.

C.    Mental Anguish or Emotional Distress

Defendants assert that, because no evidence supporting a physical injury has been produced by Plaintiffs in discovery, any testimony or opinions at trial regarding Plaintiffs' mental anguish or emotional distress should be excluded. *See* Defs.' Mot., at p. 2 (*citing American Bankers' Ins. Co. of Florida v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001)). Plaintiffs contend that they did sustain physical injuries in the accident, as a result of which they suffered physical and mental discomfort. *See* Pls.' Resp., at pp. 3-4. They assert that they are entitled to recover for emotional distress in this case and should be allowed to present such evidence to the jury. *See id.* at p. 4.

The Court is of the opinion that Plaintiffs' testimony regarding their emotional distress is admissible. However, whether there will be sufficient evidence to submit Plaintiffs' claim of "[p]ast, present and future mental anguish, psychological and/or emotional injuries," *see* Am. Compl., at p. 4, to the jury for consideration will be resolved at trial. Defendants' Motion *in Limine* will be denied in this respect.

## II. CONCLUSION

For the reasons stated more fully herein, based on the record of this particular case, the Court finds that Defendants' Motion *in Limine* should be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion *in Limine* [63-1] of Defendants, filed on September 19, 2008, should be and is hereby **GRANTED IN PART**, as to Defendant Williams' prior or subsequent accidents or traffic citations and as to any testimony that was not disclosed in discovery or any testimony or evidence that is purely speculative regarding the possibility and extent of future medical treatment and expenses, and **DENIED IN PART**, as to any testimony or evidence regarding Plaintiffs' emotional distress resulting from this incident.

**SO ORDERED AND ADJUDGED**, this the 1st day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE