IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERARD HORRIDGE and § | | |
| JUDITH HORRIDGE § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:06CV1226-HSO-JMR |
| § | | |
| KEYSTONE LINES, ET AL. § | | DEFENDANTS |

**ORDER AND REASONS GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION *IN LIMINE***

BEFORE THE COURT is the Motion *in Limine* [64-1] of Plaintiffs Gerard and Judith Horridge filed on September 12, 2008, seeking to exclude certain testimony, evidence, or argument at trial. Defendants have filed a Response [66-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion *in Limine* should be granted in part and denied in part.

I. DISCUSSION

A.   Reference to Collateral Source/Benefits

Plaintiffs seek to prevent

> Defendants, their witnesses, and their attorney(s) . . . from mentioning, referencing, insinuating in any manner, referencing in any chart or document, or addressing in any argument that Plaintiffs have received, have been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, the following: (A) Benefits from collateral insurance coverage; (B) Benefits from any other collateral source; (C) Services furnished without charge; (D) Social Security or pensions; and (E) Medicaid or Medicare.

Pls.' Mot., at p. 1.

Plaintiffs provide no legal argument, but simply ask that these items be excluded. *See id.* Defendants counter that "Plaintiff Gerard Horridge's request for total disability benefits well prior to this accident for a back condition is relevant and admissible under Federal Rules of Evidence 402, 803(4) and 803(8)." Defs.' Resp., at p. 1.

The Court is of the opinion that evidence regarding causation of any previous injuries similar to those allegedly sustained by Plaintiffs in the accident in this case is relevant and will not be excluded if otherwise admissible. *See* Fed. R. Evid. 401, 402. For example, any evidence of a prior disability determination may be relevant and admissible. *See id.* This portion of Plaintiffs' Motion *in Limine* will be denied.

Regarding "services furnished without charge," the Court will reserve ruling on such evidence until it has an opportunity to review specific items to be offered. This portion of Plaintiffs' Motion *in Limine* will be denied, without prejudice to Plaintiffs' right to reassert at trial with respect to purported "services furnished without charge."

B.  <u>Dr. Howard Holaday's Report and Testimony</u>

Plaintiffs contend that the report and testimony of Defendants' designated expert Dr. Howard Holaday should be excluded because (1) his opinion is not provided in terms of medical probability, (2) his testimony is inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and (3) because he does not practice medicine in New Orleans,

Louisiana. *See* Pls.' Mot., at pp. 4-5. Plaintiffs contend that Dr. Holaday's opinions are inadmissible under Rule 702 and *Daubert* because (a) they are based upon facts that are incorrect and upon conjecture and speculation, and (b) they are based on hearsay information and contain no empirical analysis. *See id.*

Defendants counter that Plaintiffs' Motion *in Limine* is actually a Motion to Strike which is untimely under the Local Rules. *See* Defs.' Resp., at p. 3. Defendants contend that Dr. Holaday's testimony is admissible under *Daubert*, and they note that Plaintiffs never took the opportunity to depose Dr. Holaday. *See id.* at pp. 3-4. The Court agrees that Plaintiffs' *Daubert* motion is untimely. The Court will nevertheless address Plaintiffs' contentions in its "gatekeeper" function.

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court . . . ." Fed. R. Evid. 104(a). With respect to expert testimony, the Court should first examine a witness' qualifications to determine whether he or she is, in fact, "qualified as an expert by knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 412 (5th Cir. 2000). In this case, after reviewing the record, including Dr. Holaday's expert designation, curriculum vitae, and report in this case, the Court is of the opinion that he is properly qualified to render the

proffered opinions by knowledge, skill, experience, training, and education.  *See* Fed. R. Evid. 702.

When evaluating expert testimony, the overarching concern is whether the expert testimony is "relevant" and "reliable."  *See Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007) (*citing Daubert*, 509 U.S. at 579).  Expert testimony is relevant when it relates to any issue in the case.  *See Daubert*, 509 U.S. at 591.  Federal Rule of Evidence 702's requirement that evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to relevance.  *See id.* (*citing* Fed. R. Evid. 702).  The Court finds that the opinions expressed in Dr. Holaday's report are relevant to issues central to this case and would assist the trier of fact to understand the evidence and determine a fact issue.

Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid." *See Daubert*, 509 U.S. at 592-93. *Daubert* "provides an illustrative list of factors that may aid a court in evaluating reliability." *Mathis v. Exxon*, 302 F.3d 448, 460 (5th Cir. 2002).  Those factors are

> (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community.

*Id.* at 460.

"[T]he test of reliability is 'flexible,' and *Daubert's* list of specific factors

neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). As the Supreme Court has explained, "the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142 (emphasis in original).

Dr. Holaday reviewed Plaintiff Gerard Horridge's medical records and used his knowledge, skill, experience, training, and education to draw his conclusions, as medical doctors commonly do. The Court does not find that his opinions are based on conjecture or speculation. The Court is of the opinion that Defendants have shown that Dr. Holaday's methodology is reliable. Plaintiffs' arguments go to the weight to be accorded the testimony rather than to the reliability of the underlying methodology. Therefore, the Court finds that Dr. Holaday's testimony is admissible if limited to the scope of his report. He will not be permitted to express any opinions not contained in his October 11, 2007, report. Plaintiffs' Motion *in Limine* will be denied as to this issue.

C.     Prior Medical Treatment and Records

Plaintiffs seek to prevent "Defendants, their witnesses, and their attorney(s) . . . from mentioning, referencing, insinuating in any manner, referencing in any chart or document, or addressing in any argument medical treatment prior to the subject date of accident, January 11, 2005." Pls.' Mot., at pp. 5-6. Plaintiffs contend that this evidence is irrelevant and highly prejudicial and thus inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403. *See id.* at 6.

Defendants argue that information regarding Plaintiffs' prior medical treatment, particularly Plaintiff Gerard Horridge's, is relevant to the jury's determination of whether Defendants' alleged negligence was the proximate cause of Plaintiffs' particular injuries in this case. *See* Defs.' Resp., at pp. 6-7. The Court agrees that evidence of prior medical treatment for injuries similar to those alleged here, and which occurred prior to the date of the accident that is the subject of this case, may be relevant and admissible. *See* Fed. R. Evid. 401, 402. The probative value of such evidence is not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. Plaintiffs' Motion *in Limine* will be denied as to this issue.

D.   Other Accidents and Injuries to Plaintiffs

Plaintiffs seek to exclude from trial "any claim, argument, or other statement that any prior or subsequent injuries, problems or conditions associated with plaintiffs' cervical or lumbar spine the plaintiffs may have suffered in the past are in any way related to their present injuries." Pls.' Mot., at p. 6.

In their Response, Defendants note that they are "unaware of any subsequent accidents or injuries of either Plaintiff to their cervical or lumbar regions." Defs.' Resp., at p. 7. As for prior accidents or injuries, Defendants advance the same argument as presented in subsection C regarding relevancy to the proximate cause determination. The Court again agrees. Information regarding prior injuries to Plaintiffs may be relevant and admissible if related to the injuries Plaintiffs are claiming in this case. *See* Fed. R. Evid. 401, 402. The

probative value of such evidence is not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. Plaintiffs' Motion *in Limine* will be denied as to this issue.

E.    Other Claims, Suits, or Settlements

Plaintiffs seek to prevent "Defendants, their witnesses, and their attorney(s) . . . from mentioning, referencing, insinuating in any manner, referencing in any chart or document, or addressing in any argument that Plaintiff has had unrelated, prior or subsequent claims, suits or settlements or the amounts thereof." Pls.' Mot., at p. 6.

Defendants argue that, while no specific instances are provided by Plaintiffs as to "unrelated claims," any claim for similar injuries and damages is relevant and admissible. *See* Defs.' Resp., at p. 8. To the extent those "related claims" involve injuries to Plaintiffs which might affect any proximate cause inquiry presented to the jury, the Court agrees for the same reasons expressed in subsections C and D above, and Plaintiffs' Motion *in Limine* will be denied. However, to the extent that Defendants seek to go beyond the nature of the injuries suffered or extent of medical treatment received by Plaintiffs with respect to those "unrelated claims," such as with inquiries into the specific facts surrounding each incident or claim, this information is not relevant to this case. Even if relevant to any issue in this case, the Court is of the opinion that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403.

Plaintiffs' Motion *in Limine* on this issue will granted in part and denied in part. Defendants will be prohibited from introducing evidence, making argument, or eliciting testimony regarding such unrelated claims that goes beyond the injuries suffered or medical treatment received by Plaintiffs.

F.   Other Compensation to Plaintiffs

Plaintiffs seek to prevent

> Defendants, their witnesses, and their attorney(s) . . . from mentioning, referencing, insinuating in any manner, referencing in any chart or document, or addressing in any argument that Plaintiff, by reason of age, infirmity, or otherwise, was, is now or may be entitled in the future to receive any compensation or benefits by reason of the Social Security Law of the United States or from any governmental agency such as Medicare, or sources of this nature.

Pls.' Mot., at pp. 6-7.

Defendants contend that, while the fact that Plaintiff Gerard Horridge "was paid may not be relevant, . . . the fact that he represented he was disabled, collected private and public disability payments and was injured goes to the issue of causation." Defs.' Resp., at p. 9. Defendants also incorporate their arguments as discussed in subsection A above.

The Court is of the opinion that evidence of representations made by Plaintiffs and prior determinations regarding their respective disability statuses may be relevant to the issue of causation in this case. *See* Fed. R. Evid. 401, 402. This evidence will not be excluded if otherwise admissible. *See id.* The Court will not automatically exclude evidence of representations by either Plaintiff regarding his or her disability status, a disability determination, or disability payments if

independently admissible.  This portion of Plaintiffs' Motion *in Limine* will be denied.

G.     Automobile and Medpay Insurance with Geico

Plaintiffs seek to prevent "Defendants, their witnesses, and their attorney(s) . . . from mentioning, referencing, insinuating in any manner, referencing in any chart or document, or addressing in any argument, the Plaintiff's automobile liability policy with GEICO insurance."  Pls.' Mot., at p. 7.  Plaintiffs argue that mention of their automobile liability insurance is irrelevant and highly prejudicial, and therefore, inadmissible.  Defendants respond that the physical damage to parties' vehicles, the photographs, and the damage estimates, which were produced by the insurance carrier in discovery, are relevant and admissible.  *See* Defs.' Resp., at p. 9.

The Court is of the opinion that the extent of damage to the vehicles involved in this accident is relevant and will not be excluded if otherwise admissible.  *See* Fed. R. Evid. 401, 402.  However, the Court is of the opinion that evidence referencing Plaintiffs' Geico insurance policy is irrelevant to the issues presented in this case and would likely mislead and confuse a jury.  Even if relevant to any issue in this case, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  *See* Fed. R. Evid. 403.  Plaintiffs' Motion *in Limine* will be granted in part and denied in part as to this issue.

H.   Evidence Not Disclosed Prior to Trial

Plaintiffs seek to exclude any evidence not disclosed prior to trial. *See* Pls.' Mot., at p. 7. Defendants seek only to reserve the right to introduce any such previously undisclosed testimony or evidence for purposes of impeachment. *See* Defs.' Resp., at p. 10. This portion of Plaintiffs' Motion *in Limine* will be granted, except to the extent this evidence is used for impeachment, pursuant to Federal Rule of Civil Procedure 26(a)(3).

I.   Witnesses Not Previously Disclosed

Plaintiffs request that Defendants and their attorney(s) be precluded from calling or referencing any witnesses not disclosed prior to trial. *See* Pls.' Mot., at p. 7. Defendants reserve the right to introduce any such previously undisclosed testimony or evidence for purposes of impeachment, and defer to their list of witnesses included in the proposed Pretrial Order. *See* Defs.' Resp., at p. 10. This portion of Plaintiffs' Motion *in Limine* will be granted, except to the extent such witnesses are used for impeachment.

J.   Documents Produced by Defendants in Dr. Kenneth Vogel's Deposition

Plaintiffs object to documents offered by Defendants at the deposition of Dr. Kenneth Vogel. *See* Pls.' Mot., at p. 7; Exs. "D1" through "D7," attached to Pls.' Mot. Plaintiffs objected to five of the seven documents at Dr. Vogel's deposition.

Exhibit "D1" contains 7 pages of Plaintiff Gerard Horridge's medical records from Medical Center of Louisiana that appear to be from a previous accident in March 1999. *See* Ex. "D1" to Pls.' Mot. Based on page numbering contained on

these documents, particularly on pages 6 and 7, which state that they are pages "1 of 4" and "4 of 4," respectively, it is apparent that the pages introduced during the deposition are not the entire set of medical records from this accident.

Exhibit "D2" is a 1-page Emergency Department Physician's Patient Record from Medical Center of Louisiana at New Orleans from March 10, 1999. Although neither Plaintiffs' name appears on the face of the document, in the "HISTORY/PHYSICAL" section of the document, the patient is described by the symbol used to describe the female gender, ♀. *See* Ex. "D2" attached to Pls.' Mot. Presumably, this is Plaintiff Judith Horridge's medical file. This file also appears to be incomplete, as it directs the reader to "see continuation on next page," but there is no second page. *See* Ex. "D2" attached to Pls.' Mot.

Plaintiffs did not object to Exhibits "D3" and "D4" at the deposition. *See* Dep. of Dr. Kenneth Vogel, at p. 116-18, attached as Ex. "B" to Pls.' Mot. These documents were not attached to Plaintiffs' Motion *in Limine*.

Exhibit "D5" is a 1-page physical therapy "Progress / Treatment Note" for Plaintiff Gerard Horridge from July 28, 2006, prepared by physical therapist Edwin J. Porche at OrthoPTic Rehab Clinic of Metairie. *See* Ex. "D5" attached to Pls.' Mot.

Exhibit "D6" appears to be a 1-page, 3-line summary of "Motor Vehicle Accidents Prior to January 11, 2005." Ex. "D6" attached to Pls.' Mot. The rest of the document reads as follows:

> 1987:  rear ended while driving on Twin Span bridge
> March 10, 1999: rear ended in high speed chase involving police car.

Ex. "D5" attached to Pls.' Mot.

Exhibit "D7" is a 1-page, 10-line, summary entitled "Gerard Horridge's Pre-Existing Conditions as of January 11, 2005." Ex. "D7" attached to Pls.' Mot. The rest of the document reads as follows:

> Chronic low back pain
> Right leg pain
> Laminectomy at L4-L5
> Right hand/lower extremity pain
> Degenerative Disc Disease
> Cyst
> Carpal Tunnel Syndrome
> Hypertension
> High cholesterol

Ex. "D5" attached to Pls.' Mot.

Defendants assert that these prior medical records are authentic and the summaries accurate. *See* Defs.' Resp., at p. 10. Defendants note that Dr. Vogel was presented each document and testified about them during his deposition. *See* Defs.' Resp., at p. 11 (*citing* Dep. of Dr. Kenneth Vogel, at pp. 89-95, 97-100, attached as Ex. "C" to Defs.' Resp.). Defendants contend that these documents come within exceptions to the hearsay rule, particularly under Federal Rules of Evidence 803(4) and 803(6). *See id.* They maintain that the treatment records further fall under Federal Rule of Evidence 902, and are self-authenticating and admissible. *See id.* They assert that the summaries of prior accidents and preexisting medical conditions of Plaintiff Gerard Horridge, which were taken from the deposition testimony of Plaintiffs and Plaintiff Gerard Horridge's medical records, are admissible under Federal Rule of Evidence 1006, which "allows summaries of

'voluminous writings, records or photographs which cannot conveniently be examined in court . . . .'" Defs.' Resp., at p. 11 (*quoting* Fed. R. Evid. 1006).

The Court will reserve ruling on these items until trial. This portion of Plaintiffs' Motion *in Limine* will be denied, but Plaintiffs are granted leave to reassert their objections at trial.

## II. CONCLUSION

After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons stated more fully herein, Plaintiffs' Motion *in Limine* should be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* [64-1], filed on September 12, 2008, should be and is hereby **GRANTED IN PART** and **DENIED IN PART**, as delineated in more detail herein, and **DENIED IN PART WITHOUT PREJUDICE** as to documents produced by Defendants in Dr. Kenneth Vogel's deposition and as to purported "services furnished without charge."

**SO ORDERED AND ADJUDGED**, this the 1st day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE