# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GERARD HORRIDGE and § | | |
| JUDITH HORRIDGE § | | PLAINTIFFS |
| § | | |
| v. § | Civil No. 1:06CV1226-HSO-JMR | |
| § | | |
| KEYSTONE LINES, ET AL. § | | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

BEFORE THE COURT is Plaintiffs' Motion for Judgment Notwithstanding the Verdict, or, in the Alterative, for a New Trial [87-1], filed October 23, 2008, in the above-captioned cause. Defendants Richard Williams and Keystone Lines, Inc., have filed a Response [88-1]. After consideration of the submissions and the relevant legal authorities, the Court finds that the Motion [87-1] should be denied.

## I. FACTS AND PROCEDURAL HISTORY

This cause came before the Court on October 6 through 8, 2008, for trial before a jury. This case stems from an automobile accident involving Plaintiffs and Defendant Williams on January 11, 2005, near the Welcome Center entrance on Highway 607 in Bay St. Louis, Mississippi. The Court determined prior to trial that Defendant Keystone Lines was vicariously liable for any negligence of Defendant Williams as its statutory employee.

On October 8, 2008, the jury reached its unanimous verdict that the negligence of both Defendant Williams and Plaintiff Gerard Horridge caused or contributed to the motor vehicle collision in this case. The jury awarded Plaintiffs Gerard Horridge and Judith Horridge damages for their injuries in the amounts of

$3,618.50 and $1,795.50, respectively. *See* Verdict [81-1], at p. 2. The jury attributed 20% fault to Defendants and 80% fault to Plaintiff Gerard Horridge for the accident. *See id.* After applying the percentages of fault determined by the jury, the Court entered a Final Judgment [86-1] in favor of Plaintiff Gerard Horridge on his claims against Defendants in the amount of $723.70, and in favor of Plaintiff Judith Horridge on her claims against Defendants in the amount of $359.10. *See* Judgment [86-1], at pp. 2-3. Plaintiffs have now filed the instant Motion.

## II. DISCUSSION

### A. Applicable Legal Standards

Plaintiffs' Motion asks for a Judgment Notwithstanding the Verdict, which shall be treated as a request for a judgment as a matter of law. *See* Fed. R. Civ. P. 50(a) Advisory Committee's Note (stating that "[i]f a motion is denominated a motion for directed verdict or for judgment notwithstanding the verdict, the party's error is merely formal. Such a motion should be treated as a motion for judgment as a matter of law in accordance with this rule."). Plaintiffs alternatively request a new trial pursuant to Rule 59(a).

"A motion for judgment as a matter of law (previously, motion for directed verdict or J.N.O.V.) in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 405 (5th Cir. 2007) (*citing Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)); *see also Smith v. Louisville Ladder Co.*, 237 F.3d 515,

525 n.2 (5th Cir. 2001) (noting that a motion for judgment notwithstanding the verdict should be treated as a motion for judgment as a matter of law in accordance with Fed. R. Civ. P. 50). A motion for judgment as a matter of law should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Court should grant a post-judgment motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) (*citing Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000)).

As for a new trial, "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (*citing Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). "If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great–not merely the greater–weight of the evidence." *Scott,* 868 F.2d at 789 (*quoting Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 (per curiam) (5th Cir. 1980)). If asserted prejudice is the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept

into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemarie*, 184 F.3d 481, 487 (5th Cir. 1999) (*quoting Del Rio Distributing, Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

B.  Analysis

Plaintiffs contend that the verdict assigning Plaintiff Gerard Horridge 80% fault for the accident, and finding that he received unreasonable and unnecessary treatment and failed to mitigate his damages, was contrary to the overwhelming weight of the credible evidence, and establishes that the verdict was the product of bias and prejudice. *See* Pls.' Mot., at pp. 1-3. Plaintiffs also maintain that Defendants irreparably tainted the jury when their attorney made purportedly inappropriate comments regarding Plaintiffs' failure to call Dr. Bradley Bartholomew as a witness, and asked allegedly inappropriate questions about prior claims and monetary compensation resulting from previous car accidents. *See id.* at pp. 1-5.

1. Sufficiency of Evidence

"It is well-settled in this circuit that a motion for JMOL filed post verdict cannot assert a ground that was not included in the motion for JMOL made at the close of the evidence." *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 525 (5th Cir. 2001) (internal citations omitted).[1] In this case, Plaintiffs did not raise a motion for

---

[1] The Court notes that Rule 50(b) was amended in 2006 "to permit renewal of any Rule 50(a) motion for judgment as a matter of law, deleting the requirement that a motion be made at the close

judgment as a matter of law at any time pre-verdict, and in the Court's view, waived their right to file a renewed post-verdict Rule 50(b) motion regarding the sufficiency of evidence. *See* Fed. R. Civ. P. 50 Advisory Committee Notes (stating in relevant part that "[b]ecause the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion. The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available."); *see also Flowers v. Southern Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001)*; Smith*, 237 F.3d at 525. Even considering the merits of Plaintiffs' argument under the Rule 50 standard, it is nevertheless the opinion of the Court that there was sufficient evidence to support the jury's verdict as to both liability and damages, and Plaintiffs' request for judgment as a matter of law, or judgment notwithstanding the verdict, should be denied. As for Plaintiffs' alternative request for a new trial, the Court is of the opinion that the verdict in this case was not against the great weight of the evidence. Plaintiffs' request for a new trial on this ground should also be denied. *See Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980).

2. <u>Prejudice</u>

Plaintiffs contend that they were prejudiced by defense counsel's statements regarding Dr. Bartholomew during closing arguments. Plaintiffs' counsel

---

of all evidence." Fed. R. Civ. P. 50 Advisory Committee's Note. However, the Rule 50(b) motion is only a renewal of a pre-verdict motion, *see id.*, and no such pre-verdict motion was made in this case.

interjected a speaking objection during Defendants' closing argument at trial. The Court afforded Plaintiffs an opportunity in their rebuttal to offer argument regarding the substance of their objection, but Plaintiffs did not do so. Nor did Plaintiffs request a limiting instruction.

"The propriety of an argument is a matter of federal trial procedure under *Byrd v. Blue Ridge Rural Electric Co-op., Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and, therefore, in a diversity case, subject to federal rather than state law." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 275 (5th Cir. 1998) (*quoting Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1239-40 (5th Cir. 1985)). "When a closing argument is challenged for impropriety or error, the entire argument should be reviewed within the context of the court's rulings on objection, the jury charge, and any corrective measures applied by the trial court." *Id.* at 275-76 (*quoting Westbrook*, 754 F.2d at 1238).

Plaintiffs' counsel asserted during Defendants' closing argument that defense counsel made an inappropriate statement about Dr. Bartholomew not being called by Plaintiffs to testify at trial. Plaintiffs argued that Dr. Bartholomew was available to both sides, but was called by neither. The relevant portion of the record referenced by Plaintiffs reads as follows:

> **MR. HOLLAND**: . . . What is reasonable in this case? What is reasonable? What we do know is that during that 24-hour period, 36-hour period, that he was in that $70,000 worth of medical treatment, he got a steroid injection, and it gave him relief, but we know that injection, it doesn't require a hospitalization. So the judge has instructed you that you may only award damages if you decide to do that on what was reasonable and necessary, what was reasonable and necessary. We

-6-

> made a decision that we were not going to be held up in this case, that we were going to take a stand, and we are here asking for you not to do what we want you to do but to do what is reasonable in this case.
>
> Carpal tunnel syndrome, all of these complaints about his hands and his arms and that sort of thing, Dr. Bartholomew, where is he, where was he?
>
> **MR. BOBO**: Your Honor, he could have called Dr. Bartholomew if he wanted to call him.
>
> **THE COURT**: That is argument. You can make that argument.
>
> **MR. BOBO**: About the failure to call a witness that he could have called, Judge?
>
> **THE COURT**: You can say that in your closing when you get back out.
>
> **MR. BOBO**: Thank you, Judge.

Trial Tr., Closing Argument, 21-22, October 8, 2008.

Assuming defense counsel's statement could be construed as a comment on the failure to call a witness, Defendants argue that it was not an improper one for counsel to make during closing arguments. *See* Defs.' Resp., at p. 5 (*citing Bynum v. Swiss American of Mississippi, Inc.*, 367 So. 2d 906, 909 (Miss. 1978); *Mississippi Cent. R.R. Co. v. Robinson*, 64 So. 838 (Miss. 1914)). The fleeting comment by Defense counsel was not accompanied by any statement regarding drawing an adverse inference. However, even if defense counsel's statement was somehow improper, after carefully reviewing the trial transcript, the Court finds that, when the entire argument is reviewed within the context of the Court's rulings, the jury charge, and the corrective measures applied by the Court, the closing argument was not sufficiently prejudicial to justify the relief requested. *See Whitehead*, 163 F.3d

at 275-76. Plaintiffs have not shown that prejudicial error has crept into the record or that substantial justice has not been done, and Plaintiffs' Motion should be denied. *See Sibley v. Lemarie*, 184 F.3d 481, 487 (5th Cir. 1999).

Plaintiffs further assert that defense counsel asked inappropriate questions about prior claims and monetary compensation resulting from Plaintiffs' previous car accidents. This Court ruled in its Order Granting in Part and Denying in Part Plaintiffs' Motion *in Limine* [73-1] that "[i]nformation regarding prior injuries to Plaintiffs may be relevant and admissible if related to the injuries Plaintiffs are claiming in this case." Order on Pls.' Mot. *in Limine*, at pp. 6-7 (*citing* Fed. R. Evid. 401, 402). The Court's Order further stated that

> to the extent that Defendants seek to go beyond the nature of the injuries suffered or extent of medical treatment received by Plaintiffs with respect to those 'unrelated claims,' such as with inquiries into the specific facts surrounding each incident or claim, this information is not relevant to this case.

*Id.* at p. 7.

Defense counsel did broach the issue of claims for previous accidents during his cross-examination of Plaintiff Gerard Horridge, but Plaintiffs' counsel withdrew any objection to the questions. This line of questioning by Defendants' attorney proceeded as follows:

> **Q** You told the jury today and yesterday that those accidents that you had were minor, right?
>
> **A** The results were minor, yes.
>
> **Q** You had no lasting pain?

-8-

> **A** That is correct.
>
> **Q** And you want the jury to believe that those prior accidents had no influence on your accident with Mr. Williams, don't you, sir?
>
> **A** They didn't.
>
> **Q** The truth is, sir, both of those accidents were severe enough that you made a claim and received money in response to those, did you not, sir?
>
> **MR. BOBO:** Your Honor --
>
> **A** Which claims are you speaking of, sir, so I may address it?
>
> **THE COURT**: Mr. Horridge, when your attorney objects, you need to stop and let me address it.
>
> **MR. BOBO:** Judge, I object to that -- no, I'm sorry. I withdraw my objection. I think if Mr. Holland wants to ask him that, that is fine.
>
> **THE COURT**: You withdraw the objection.
>
> **BY MR. HOLLAND:**
>
> **Q** These minor accidents, sir, you made a claim on them and collected money, didn't you, sir?
>
> **A** Yes.
>
> **Q** On both of them?
>
> **A** Yes.

Trial Tr., 40-41, October 7, 2008.

On redirect examination of Mr. Horridge, Plaintiffs' counsel also asked about money received by Plaintiffs after their 1987 and 1999 car accidents,

> **Q** And so Mr. Holland said you got money because of that 1987 accident?

**A** Yes.

**Q** Do you remember that?

**A** Yes.

**Q** Well, tell the jury about that, since he brought it up.

**A** I got basically the total of the car price and maybe another 1200 or something like that. All I wanted to do was have the case handled so that nothing could happen to me.

**Q** Did you have to go to a courtroom setting like this?

**A** No.

**Q** Do you know whether a suit had to be filed?

**A** No.

**Q** Did the people step up and take responsibility for it?

**A** Yes.

**MR. HOLLAND**: Objection, Your Honor, move to strike it, and I move to instruct the jury that it is inappropriate. Is it argumentative.

**THE COURT:** I will overrule it. I think he was asking if the people involved in that accident took responsibility for it. It is overruled.

* * *

**Q** Mr. Holland made a big deal about you getting money because this criminal ran into you in 1999. How much money did you get?

**A** Oh, I got a little bit. My wife got the lion's share of that. She had a cracked sternum, and all we did was file with the uninsured motorist for the bills we were going to have.

**Q** Your uninsured motorist people, they took responsibility for that?

**A** Yes. In talking with us, they settled for that.

-10-

**Q**   Did you have to go sue anybody for that?

**A**   No.

**Q**   Did you have to go in a courtroom and have a three-day trial?

**A**   No.

**Q**   Did you have to have boxes and boxes of records?

**A**    No.

**Q**   Did you have to have somebody question you like you were a criminal?

**A**   No.

**MR. HOLLAND**: Your Honor, I object.

**THE COURT**: I sustain that. I sustain that.

**MR. HOLLAND**: May we ask for an instruction to the jury?

**THE COURT**: Yes, I sustain that. That was argumentative and inflammatory. I instruct you to disregard that question, disregard that question.

Trial Tr., 87, 91-92, October 7, 2008.

Plaintiffs initially objected to questioning regarding prior claims and monetary compensation resulting from Plaintiffs' previous car wrecks. Then, they affirmatively withdrew the objection. *See* Trial Tr., 40-41, October 7, 2008. The Court finds that Plaintiffs cannot now object post-trial. Moreover, the Court is of the opinion that the line of questioning by defense counsel was not sufficiently prejudicial to justify the relief requested. Plaintiffs have not shown that prejudicial error has crept into the record or that substantial justice has not been done with

respect to questions about prior claims and monetary compensation resulting from Plaintiffs' previous car accidents.  *See Sibley*, 184 F.3d at 487.

### III. CONCLUSION

The Court is of the opinion that the jury award in this case is not wholly inconsistent with reasonable deliberation on the evidence.  Based on the foregoing, Plaintiffs have not shown that the verdict was unsupported by the evidence or against the great weight of the evidence in this case.  Nor have they shown sufficient evidence of bias, passion, and prejudice on the part of the jury which would require entry of a judgment as a matter of law or a new trial.  The Court is therefore of the opinion that Plaintiffs' request for a judgment as a matter of law or, alternatively, for a new trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiffs' Motion for Judgment Notwithstanding the Verdict, or, in the Alterative, for a New Trial [87-1], filed October 23, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE